**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ELGIN K. COX,<br><br>   Plaintiff-Appellant,<br><br>v.<br><br>ALLIN CORPORATION PLAN; et al.,<br><br>   Defendants-Appellees. | No. 16-15231<br><br>D.C. No. 4:12-cv-05880-SBA<br><br>MEMORANDUM* |
| ELGIN K. COX,<br><br>   Plaintiff-Appellant,<br><br>v.<br><br>ALLIN CORPORATION PLAN; UNUM<br>LIFE INSURANCE COMPANY OF<br>AMERICA,<br><br>   Defendants-Appellees. | No. 18-16975<br><br>D.C. No. 4:16-cv-04675-SBA |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted January 11, 2021
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and WHALEY,[**] District Judge.

Elgin Cox (Cox) appeals the district court's judgment in favor of Unum Life Insurance Company (Unum) in his suit for long term disability (LTD) benefits brought pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132.  Cox, a former employee of Allin Corporation (Allin), submitted claims for LTD benefits based on his diagnoses of vertigo and dizziness. However, Unum, the plan administrator for the Allin Plan, terminated benefits after 24 months under the policy's self-reported symptoms limitation.  The district court affirmed Unum's denial of LTD benefits, and Cox appealed.  Because the parties are fully familiar with the facts and record, we recite only those facts relevant to our decision.

The district court had jurisdiction pursuant to 29 U.S.C. § 1132(a), and we have jurisdiction under 28 U.S.C. § 1291.  We review the district court's underlying findings of fact for clear error, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006), and mixed questions of fact and law, including

---

[**]     The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

contract interpretation, de novo, *Tyler v. Cuomo*, 236 F.3d 1124, 1134 (9th Cir. 2000) (citation omitted). We review the denial of benefits for abuse of discretion. *See Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 896 (9th Cir. 2016). We REVERSE and REMAND.

The district court erred in finding that Unum's 2005 California Settlement Agreement (CSA) with the California Department of Insurance (CDOI) did not apply to the Allin Plan and thus that the CSA's prohibition on self-reported symptoms limitations did not apply. The CSA provides that LTD policy limitations on self-reported conditions "shall not be applied in existing California Contracts."[1] The CSA defines a "California Contract" as "a policy of disability income insurance issued by a Respondent which is subject to the jurisdiction of and approved by the Department." Unum argues, and the district court found, that the Allin Plan was not subject to the jurisdiction of CDOI. This was an error.

The Allin Plan is a California Contract subject to the CSA's prohibition on self-reported symptoms limitations. California law is clear that insurance provided in California is subject to the jurisdiction of CDOI. "All insurance" in California is governed by the California Insurance Code. Cal. Ins. Code § 41. All "transaction

---

[1] The CSA applies to California contracts renewed "following the CSA Effective Date or December 31, 2007." Because the 1997 Allin Plan was renewed on June 30, 2008, the CSA applies to the Allin Plan if it is a California Contract.

3

of insurance business" requires admission and certification by CDOI, and certification "shall not be granted until the applicant conforms to the requirements of this code and of the laws of this state" or face criminal penalties. Cal. Ins. Code § 700(a)–(b). Further, "[n]o group disability policy shall be issued or delivered in this state nor . . . shall an insurer provide or agree to provide group disability coverage until a copy of the form of the policy is filed with the commissioner and approved by him." Cal Ins. Code § 10270.9. The California Insurance Code thus explicitly prohibits the provision of group disability coverage in California unless the policy is approved by CDOI. Cal. Ins. Code § 10270.9.

Here, the coverage was provided in California to a California resident at a California subsidiary of Allin. Unum recognized Cox as a California employee. Unum's claims documents for Cox described his policy subgroup as "Employees of Allin Consulting of California" and specifically noted: "Our agreement: Employees of Allin Consulting of California." The Allin Plan itself differentiates between divisions or subsidiaries of Allin Corporation, including "Allin Consulting of California" and provides different coverage for employees of Allin Consulting of California. Moreover, Unum understood that it was subject to the jurisdiction of CDOI: in its letters denying Cox's claim, it directed him to CDOI for review of the denial. The denial letters informed Cox that he "may also contact the California

4

Department of Insurance if you wish to have them review your [] claim," and provided contact information for CDOI. Unum cannot now argue that the Allin Plan is not subject to the jurisdiction of CDOI. It is irrelevant that the Allin Plan states that it is governed by Pennsylvania law because the CSA applies to all California Contracts, without regard to the policy's stated governing jurisdiction. The CSA's prohibition on self-reported symptoms limitations applies to the Allin Plan.

Because we conclude that the CSA prohibits application of the Allin Plan's self-reported symptoms limitation, we do not reach Cox's other arguments.

We REVERSE and REMAND for further proceedings consistent with this disposition.